IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

TERRY D. WRIGHT, SR.,

    Plaintiff,

v.

MGM DETROIT GRAND CASINO,
MGM RESORTS INTERNATIONAL,
MICHAEL O'CONNOR, DEBBIE MOFFATT,
RONALD HOLLOWAY, DENNIS GRAHAM,
LORENZO CREIGHTON, DICKINSON WRIGHT,
PLLC, LOUIS THEROS, LYNN TANG,
ALEX KOURTESIS, CASSANDRA EVANS,
LOUIS THOMAS, AND UNITED AUTO WORKERS
AND IMPLEMENT WORKERS (UAW),

    Defendants.

Case No. 11-cv-15105

Hon. Mark A. Goldsmith
Magistrate Judge Michael Hluchaniuk

| | |
|---|---|
| Terry D. Wright, Sr.<br>Plaintiff, in pro per<br>t.douglaswsr@gmail.com<br><br>Blair Katherine Simmons (P54981)<br>International Union, UAW<br>8000 E. Jefferson<br>Detroit, MI 48214<br>(313) 926-5216<br>bsimmons@uaw.net<br>Attorney for Defendant UAW<br><br>CORNFIELD AND FELDMAN<br>Stephen A. Yokich<br>25 East Washington Street, Suite 1400<br>Chicago, Illinois 60602<br>(312) 236-7800<br>syokich@cornfieldandfeldman.com<br>Co-counsel for Defendant UAW | BUTZEL LONG<br>Louis Theros (P42970)<br>Katherine Donohue Goudie (P62806)<br>150 West Jefferson, Suite 100<br>Detroit, MI 48226<br>(313) 225-7000<br>theros@butzel.com<br>goudie@butzel.com<br>Attorneys for the MGM Defendants<br><br>DICKINSON WRIGHT, PLLC<br>Michael G. Vartanian (P23024)<br>Jane M. Feddes (P73562)<br>301 E Liberty St Ste 500<br>Ann Arbor, MI 48104<br>(734) 623-1690<br>mvartanian@dickinsonwright.com<br>jfeddes@dickinsonwright.com<br>Attorneys for Defendants Dickinson Wright<br>and Louis Theros |

**DEFENDANT MGM RESORTS INTERNATIONAL'S REPLY IN SUPPORT OF
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND FAILURE
TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(2) AND (6)**

Similar to his Complaint, the majority of Plaintiff Terry Wright's ("Wright") Response to Defendant MGM Resorts International's ("MGM Resorts") Motion to Dismiss fails to identify <u>any</u> actions taken by MGM Resorts that provide this Court with a basis for personal jurisdiction over it pursuant to Fed. R. Civ. P. 12(b)(2), or which state a claim against MGM Resorts pursuant to Fed. R. Civ. P. 12(b)(6).

A. <u>**Wright Has Not Established That This Court Has Personal Jurisdiction Over MGM Resorts**</u>

Wright fails to establish general or specific personal jurisdiction over MGM Resorts. Wright named MGM Resorts as a defendant in this action for the sole reason that it is the indirect parent corporation of Wright's former employer, MGM Grand Detroit, LLC ("MGM Detroit"). The fact that MGM Resorts and MGM Detroit are related entities, however, is insufficient to satisfy the purposeful availment requirement. *Neighbors v. Penske Leasing, Inc.*, 45 F. Supp. 2d 593, 599 n. 3 (E.D. Mich. 1999) ("The Sixth Circuit has held that controlling interests do not constitute purposeful availment."); *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273-74 (6th Cir. 1998) ("[A] company does not purposefully avail itself merely by owning all or some of a corporation subject to jurisdiction."). The Sixth Circuit has found that a parent corporation "may be subject to personal jurisdiction in a state where its subsidiary is doing business, provided that the corporate separation is fictitious, the parent has held the subsidiary out as agent, or the parent has exercised undue control over the subsidiary." *Velandra v. Regie Nationale des Usines Renault*, 336 F.2d 292, 296 (6th Cir. 1964). The parent company's ownership of a subsidiary alone does not establish personal jurisdiction. *Schwartz v. Elec. Data Sys., Inc*. 913 F.2d 279 (6th Cir. 1990). There is a presumption that the parent and subsidiary are separate entities, unless the plaintiff proves otherwise. *Dean v. Motel Operating L.P.*, 134 F.3d 1269, 1273 (6th Cir. 1998).

Here, Wright has not proved otherwise.  Wright's Response references the following "facts" to establish personal jurisdiction over MGM Resorts:

- MGM Resorts' employees are acting as officers of MGM Detroit;
- MGM Resorts' employees are in Michigan operating MGM Detroit;
- MGM Resorts' employees have conducted business in Michigan;
- MGM Resorts sought licensing in Michigan for MGM Grand Detroit; and
- MGM Resorts has previously consented to the jurisdiction of this Court.

(Docket No. 18, Response Brief at 8.)  None of these conclusory "facts" are true.

First, Wright has not identified one single MGM Resorts employee who he claims is acting as an officer of MGM Detroit, operating MGM Detroit, or conducting business in Michigan.  He has no allegation establishing that MGM Resorts, or any of its employees, has conducted business in Michigan, or that the corporate separation between MGM Resorts and MGM Detroit is fictitious.

Second, at Exhibit 1 to Wright's Response, Wright attaches a 1999 Annual Statement for MGM Detroit in Michigan.  Wright relies on this document to support his argument that MGM Resorts conducts business in Michigan; however, the 1999 Annual Statement is for "MGM Grand Detroit, LLC" only.  Nowhere is there any reference to MGM Resorts or its prior name of MGM MIRAGE on this statement.

Third, Wright argues that personal jurisdiction over MGM Resorts exists because this Court subjected MGM Resorts to its jurisdiction in *Thomas-Williams v. MGM Grand Detroit*, 2009 U.S. Dist. LEXIS 27699 (E.D. Mich. Mar. 31, 2009).  MGM MIRAGE (MGM Resorts' predecessor), however, challenged personal jurisdiction in that case.  With facts completely different than those here, the plaintiff in that case worked for MGM Detroit in Detroit and then

3

MGM MIRAGE in Las Vegas. Her employment contract contained a forum selection clause for Michigan courts. Thus, this Court found general personal jurisdiction over MGM MIRAGE based upon the contract.[1] Wright, however, has no such employment contract with a forum selection clause, nor was he ever an employee of MGM MIRAGE or MGM Resorts.

Because MGM Resorts does not conduct business in Michigan, and MGM Resorts and MGM Detroit are completely separate entities, this Court should dismiss MGM Resorts for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**B.**     **Wright Has Pled No Facts To State A Claim Against MGM Resorts**

Aside from the jurisdictional failings, Wright's claims against MGM Resorts should be dismissed because he completely fails to address or establish how he has stated a claim against MGM Resorts under the plausibility pleading standard set forth in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Wright therefore fails to state a claim upon which relief can be granted against MGM Resorts pursuant to Fed. R. Civ. P. 12(b)(6).

---

[1] Because it found general personal jurisdiction based upon the contract with the plaintiff, the Court in *Thomas-Williams* did not analyze MGM MIRAGE's contacts with the State of Michigan for specific personal jurisdiction.

## **CONCLUSION**

For the reasons set forth above, MGM Resorts International respectfully requests that this Court dismiss it from this action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), and dismiss it for Wright's failure to state a claim against him upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6).

                                Respectfully submitted,

                                BUTZEL LONG, a professional corporation

                                By:  /s/Katherine Donohue Goudie
                                       Louis Theros (P42970)
                                       Katherine Donohue Goudie (P62806)
                                150 West Jefferson, Suite 100
                                Detroit, MI  48226
                                (313) 225-7000
                                E-mail:  theros@butzel.com
                                               goudie@butzel.com
                                Attorneys for Defendants the MGM Defendants

Dated:  December 19, 2011

## CERTIFICATE OF SERVICE

    I hereby certify that on December 19, 2011, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                  BUTZEL LONG, a professional corporation

                                  By:  /s/Katherine Donohue Goudie
                                          Louis Theros (P42970)
                                          Katherine Donohue Goudie (P62806)
                                150 West Jefferson, Suite 100
                                Detroit, MI  48226
                                (313) 225-7000
                                E-mail:  theros@butzel.com
                                               goudie@butzel.com
                                Attorneys for the MGM Defendants

Dated:  December 19, 2011