UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TERRY D. WRIGHT, SR., | Case No. 11-15105 |
| Plaintiff, | Mark A. Goldsmith |
| v. | United States District Judge |
| MGM DETROIT GRAND CASINO, *et al.*, | Michael Hluchaniuk |
| | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

## REPORT AND RECOMMENDATION
## MOTION TO DISMISS (Dkt. 13)

**I.   PROCEDURAL HISTORY**

On November 17, 2011, this matter was removed to federal court by defendants. (Dkt. 1). Plaintiff Terry Wright alleges violations of the Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.1101 *et seq.*; violations of the Bullard-Plawecki Right-to-Know Act, Mich. Comp. Laws § 423.501, *et seq.*; violations of the Michigan Persons With Disabilities Civil Rights Act; and intentional infliction of emotional distress. (Dkt. 1). According to the notice of removal, this Court has subject matter jurisdiction because the inclusion of the Union means that plaintiff is asserting a federal claim under Labor Relations Management Act. (Dkt. 1).[1] On

---

[1] Complete preemption is a very narrow exception to the well-pleaded complaint rule. *AmSouth Bank v. Dale*, 386 F.3d 763, 776 (6th Cir. 2004). Section 301 of the LMRA is one of the few statutes that the Supreme Court has concluded evince an intent to completely preempt a field. *See Avco Corp. v. Aero Lodge No.*

December 6, 2011, District Judge Mark A. Goldsmith referred this matter to the undersigned for all pretrial proceedings. (Dkt. 17).

On November 28, 2011, defendant MGM Resorts International (f/k/a MGM MIRAGE) (MGM RI) filed a motion to dismiss. (Dkt. 13). Plaintiff filed a response on December 9, 2011. (Dkt. 18). MGM RI filed a reply on December 19, 2011. (Dkt. 25). After the parties briefed this motion, the undersigned issued a report and recommendation in a related case,[2] *Wright v. MGM Detroit Grand Casino, et al*, Case No. 09-14853, concluding that this Court did not have personal jurisdiction over MGM RI. (Case No. 09-14853, Dkt. 98). This report and recommendation was adopted by Judge Goldsmith on January 26, 2012. (Case No. 09-14853, Dkt. 101).

---

*735*, 390 U.S. 557, 560 (1968).

[2] It should also be noted that three related cases are pending in this district and at the Sixth Circuit Court of Appeals. The first, mentioned above, is *Wright v. MGM Detroit Grand Casino, et al*, Case No. 09-14853, which has been assigned to Judge Goldsmith. The second case is *MGM Grand Detroit LLC v. Int'l UAW, et al*, Case No. 10-14510, which is assigned to District Judge Stephen J. Murphy. Mr. Wright is not a party to Case No. 10-14510, which is an appeal of the arbitrator's decision pertaining to his union grievances. The arbitrator decided all the grievances except one against Mr. Wright and both the union and his employer appealed. Judge Murphy vacated the arbitrator's decision to the extent it was favorable to the union and Mr. Wright and denied the union's motion to affirm the award. (Case No. 10-14510, Dkt. 19). The matter was appealed by the union and is currently pending before the Sixth Circuit. (Case No. 10-14510, Dkt. 21). The third case is *Wright v. MGM Grand Detroit Casino, et al.*, Case No. 12-10503, which has been assigned to Judge Murphy, in which plaintiff, *inter alia*, seeks to vacate the judgment entered in Case No. 10-14510.

For the reasons set forth below, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

**II.     ANALYSIS AND CONCLUSIONS**

Defendant moves to dismiss plaintiff's complaint based on lack of personal jurisdiction.  Fed.R.Civ.P. 12(b)(2).  When deciding a motion based on Rule 12(b)(2), a district court has at its disposal three procedural alternatives: (1) "it may decide the motion upon the affidavits alone"; (2) "it may permit discovery in aid of deciding the motion"; or (3) "it may conduct an evidentiary hearing to resolve any apparent factual questions."  *Theunissen v. Matthews*, 935 F. 2d 1454, 1458 (6th Cir. 1991).  "The court has discretion to select which method it will follow ...."  *Theunissen*, 935 F. 2d at 1458.  Regardless of which method the court chooses, it is the plaintiff who "bears the burden of establishing that jurisdiction exists."  *Id*. at 1458.  If the court determines "that the motion to dismiss for lack of personal jurisdiction can be decided upon [the] written submissions, it 'must consider the pleadings and the affidavits in the light most favorable to the plaintiff.'"  *Serras v. First Tennessee Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989), quoting *Welsh v. Gibbs*, 631 F.2d 436, 439 (6th Cir. 1980).  When the court decides on the written submissions alone, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal."  *Theunissen*, 935 F.2d at 1458.  Moreover, the court in deciding a 12(b)(2) motion

on the parties' written submissions alone, "does not weigh the controverting assertions of the party seeking dismissal." *Id*. at 1459.

The undersigned believes in this case that it is proper to decide defendant's motion on the written submissions alone. Defendant does not offer any evidence to dispute the allegations in plaintiff's complaint. Rather, defendant argues that the allegations, on their face, are insufficient to establish personal jurisdiction over him. Thus, this undersigned must determine if plaintiff has satisfied his burden of making a "*prima facie* showing that personal jurisdiction exists ...." *Theunissen*, 935 F.2d at 1458.

"A federal court may only exercise personal jurisdiction in a diversity case if such jurisdiction is (1) authorized by the law of the state in which the court sits; and (2) is otherwise consistent with the Due Process Clause of the Fourteenth Amendment." *Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003). "Personal jurisdiction comes in two flavors: 'general' jurisdiction, which depends on a showing that the defendant has continuous and systematic contacts with the forum state sufficient to justify the state's exercise of judicial power with respect to any and all claims the plaintiff may have against the defendant, and 'specific' jurisdiction, which exposes the defendant to suit in the forum state only on claims that 'arise out of or relate to' a defendant's contacts with the forum." *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).

To establish general personal jurisdiction over MGM RI, one of the following must exist: (1) incorporation under the laws of this state; (2) consent, to the extent authorized by the consent and subject to the limitations provided in section 745; or (3) the carrying on of a continuous and systematic part of its general business within the state. Mich. Comp. Laws § 600.711. In the complaint, plaintiff alleges that MGM RI:

- does business in the state of Michigan by operating the MGM Grand Detroit Casino;

- is an employer that employs more than 500 employees and qualifies as an "employer" under the Elliott-Larsen Civil Rights Act and the Persons with Disability Civil Rights Act;

- "through its subsidiary corporation," controls, operates, manages and maintains all payroll functions, crediting of hours worked, issuance of paychecks, and controls the administration of the MGM Grand Detroit Casino 401K benefit plan, and "does business on a regular and routine basis within the state of Michigan";

- "through its subsidiary corporation," controls training of all the gaming employees, controls the administration of the MGM Grand Detroit Casino disciplinary process under the collective bargaining agreement;

- "through its subsidiary corporation," manages and controls the day to day

operations of the gaming tables at the MGM Grand Detroit Casino; and that MGM RI created, disseminated, and implemented the operational policies and procedures governing the operation of MGM Grand Detroit Casino. (Dkt. 1-2, Pg ID 22). There does not appear to be any basis in the record to conclude that this Court has general personal jurisdiction over defendant MGM RI under the first two provisions of the general jurisdiction statute. The question then becomes whether plaintiff has alleged sufficient facts to establish that MGM RI carries on a continuous and systematic part of its general business within the state. Corporate entities are considered separately for purposes of the personal jurisdiction analysis; "a company does not purposefully avail itself of the privilege of doing business in the forum state merely by owning a corporation subject to jurisdiction." *Niemi v. NHK Spring Co.*, 543 F.3d 294, 308 (6th Cir. 2008), citing *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1273-74 (6th Cir. 1998); *see also Schwartz v. Electronic Data Systems*, 913 F.3d 279 (6th Cir. 1990).

None of the allegations in plaintiff's complaint regarding MGM RI establish anything other than that MGM RI owns the company (MGM Grand Detroit Casino) that actually operates the casino in Michigan. Each allegation regarding any alleged conduct in Michigan is labeled in terms of "through its subsidiary corporation" or by "operation of the MGM Detroit Grand Casino." In his response to the motion to dismiss, plaintiff does not focus on the allegations in the

complaint, but rather, makes a host of unsupported allegations regarding MGM RI filing a license to do business in the state, having employees acting as officers of MGM Grand Detroit Casino, having employees visit Michigan for the purpose of conducting business. Plaintiff offers no evidence to support these claims and these claims are not contained in the complaint.[3] Since plaintiff offers no evidence, there is no reason for the undersigned to examine anything but the four corners of the complaint in determination whether there is personal jurisdiction over MGM RI. While plaintiff need only establish a *prima facie* showing of personal jurisdiction, the undersigned concludes that the allegations in the complaint establish nothing other than that MGM RI owns the corporation (MGM Grand Detroit Casino) that actually operates and conducts business in Michigan and this is not sufficient for general personal jurisdiction.

Under Federal Rule of Civil Procedure 4(e), the Court must next look to the Michigan long-arm statute, Mich. Comp. Laws § 600.715, to determine whether personal jurisdiction exists in this case. Mich. Comp. Laws § 600.715 provides:

> The existence of any of the following relationships between a corporation or his agent and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise limited personal jurisdiction over such corporation and to enable such

---

[3] Plaintiff attaches the 1999 Annual Statement of Limited Liability Company for MGM Grand Detroit, LLC. The undersigned fails to see how this supports plaintiff's assertion that this Court has personal jurisdiction over MGM RI.

> courts to render personal judgments against such corporation arising out of the act or acts which creates any of the following relationships:
>
> > (1) The transaction of any business within the state.
> >
> > (2) The doing or causing any act to be done, or consequences to occur, in the state, resulting in an action for tort.
> >
> > (3) The ownership, use, or possession of any real or tangible personal property situated within the state.
> >
> > (4) Contracting to insure any person, property, or risk located within this state at the time of contracting.
> >
> > (5) Entering into a contract for services to be performed or for materials to be furnished in the state by the defendant.

In *Sifers v. Horn*, 385 Mich. 195, 199 n. 2; 188 N.W.2d 623 (1971), the Michigan Supreme Court stated that the phrase "transaction of any business within the State" found in Mich. Comp. Laws § 600.715 "means just what it says. It includes 'each' and 'every' .... It comprehends the 'slightest'" contact. *See also Lanier v. American Bd. of Endodontics*, 843 F.2d 901, 905-906 (6th Cir. 1988).

"However, constitutional concerns of due process limit the application of this state law." *Theunissen*, 935 F.2d at 1459 (citation omitted). A defect in the Due Process considerations "would foreclose the exercise of personal jurisdiction

even where a properly construed provision of the long-arm statute would permit it." *Id*. The relevant criteria for Due Process consideration are: (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable. *Theunissen*, 935 F.2d at 1460 (citations and quotation marks omitted).

There is simply no allegation of purposeful availment within Michigan by MGM RI in plaintiff's complaint. Even if the allegations in plaintiff's complaint suggest that MGM RI has conducted some business in the state of Michigan, plaintiff has not connected that particular conduct to his causes of action, which is required under the Due Process limitations placed on the exercise of specific personal jurisdiction. No particular conduct by MGM RI is identified in the complaint and, other than a bare allegation that MGM RI conspired with plaintiff's former employer, there is no allegation of any activities or actions by MGM RI resulting in plaintiff's causes of action. Plaintiff identifies MGM RI at the beginning of each cause of action as one of the defendants against whom that claim is asserted, but identifies no conduct by MGM RI in support of any specific count or claim. The undersigned concludes that plaintiff has not established a *prima*

*facie* case of specific personal jurisdiction in the complaint. Thus, the undersigned recommends that defendant MGM RI's motion to dismiss be granted for lack of personal jurisdiction.[4]

### III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that defendant's motion to dismiss be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2,"

---

[4] Given this conclusion, defendant MGM RI's remaining arguments need not be addressed.

etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: April 26, 2012                    s/Michael Hluchaniuk
                                        Michael Hluchaniuk
                                        United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on <u>April 26, 2012</u>, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: <u>Terry D. Wright, Sr., Louis Theros, Katherine D. Goudie, Jane M. Feddes, Michael G. Vartanian, Blair Katherine Simmons, and Stephen A. Yokich</u>.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov